**JUDGE ROSANNA MALOUF PETERSON**

Andrew S. Biviano, WSBA #38086
PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave, Suite 560
Spokane, WA 99201
509-232-6670

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICKIAS GETNET, a single person,<br><br>Plaintiff,<br><br>v.<br><br>SPOKANE COUNTY, JAMES WANG, SAMUEL TURNER, SCOTT MCKENNEY, and DOES 1-10,<br><br>Defendants. | NO. 2:19-cv-00087-RMP<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS |

COMES NOW the Plaintiff, Mickias Getnet, by and through his attorney, Andrew S. Biviano of Paukert & Troppmann, PLLC, and complains and alleges as follows:

## I. IDENTIFICATION OF THE PARTIES

1.1. Plaintiff Mickias Getnet at all times material to this action resided in Spokane County, Washington.

1.2. Defendant, Spokane County, is now, and at all times herein mentioned, was a municipal corporation duly organized and existing under the laws of the State of Washington with the right to sue and be sued in its own name and for the acts and omissions of its agents and employees. The County may be held independently or vicariously liable for the tortious conduct of its officers and employees, and for its policies and practices that violate federal law.

1.3. At all times material hereto, Defendant James Wang was an agent and employee of Spokane County, who, at the time of the events complained of herein, was acting within the course and scope of his employment by the County and under the color of state law. Defendant Wang is named in his individual and representative capacity.

1.4. At all times material hereto, Defendant Samuel Turner was an agent and employee of Spokane County, who, at the time of the events complained of herein, was acting within the course and scope of his employment by the County

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone: (509) 232-7760

and under the color of state law. Defendant Turner is named in his individual and representative capacity.

1.5. At all times material hereto, Defendant Scott McKenney was an agent and employee of Spokane County, who, at the time of the events complained of herein, was acting within the course and scope of his employment by the County and under the color of state law. Defendant McKenney is named in his individual and representative capacity.

1.6. Plaintiff prays leave to amend this pleading to set forth the names and capacities of named Defendants 1-10, whose are persons or entities that may be responsible for the injuries suffered by the Plaintiff.

## II. JURISDICTION AND VENUE

2.1. This Court has subject matter jurisdiction over this action.

2.2. This Court has personal jurisdiction over Defendants.

2.3. Venue is proper in this district because the cause of action occurred in Spokane County.

2.4. An administrative claim pursuant to RCW 4.96 *et seq* was presented to the County of Spokane on January 16, 2019.

## III. BACKGROUND FACTS

3.1 On two separate occasions, Plaintiff Mickias Getnet, an African-American Spokane resident, was stopped, arrested, and searched by members of

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone: (509) 232-7760

the Spokane Valley Police/Spokane County Sheriff's Office without adequate probable cause and based on improper motives. On both occasions, Mr. Getnet was merely walking to his home, around the intersection of Cataldo and Vista in Spokane Valley, doing nothing illegal or suspicious.

3.2 On the first occasion, on March 7, 2016, Plaintiff was walking towards his home, on the shoulder of the road and off the street. Yet Officer Turner stopped Plaintiff, ostensibly because he was walking on the right shoulder instead of the left, an exceptionally minor violation that does not warrant any police contact in most circumstances. Officer Turner made it clear to Plaintiff that this reason was pretextual, as he immediately told Plaintiff that he shouldn't wear black clothing when walking at night, and asked Plaintiff how many warrants he had. He then demanded Plaintiff identify himself and produce identification.

3.3 Plaintiff had no outstanding warrants and was not engaged in any illegal activity. He lawfully and respectfully exercised his constitutional right to not speak to the officer and declined to identify himself, given that the stop was plainly pretextual and a blatant attempt to stop him, search his person, and search for warrants in violation of his Fourth Amendment rights.

3.4 Plaintiff's silence angered the officer, who responded by issuing a pretextual citation for walking on the wrong side of the street, which would likely not have been issued had Plaintiff not exercised his constitutional rights. The

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone: (509) 232-7760

officer then arrested, handcuffed, and searched Plaintiff. The officer then charged him with an additional pretextual and inaccurate charge of obstructing a law enforcement officer. He attempted to place Plaintiff in jail but was unable to do so due to jail overcrowding. These charges were all dismissed.

3.5 The second occasion occurred on January 18, 2018. Plaintiff was again walking home near the intersection of Cataldo and Vista, entirely legally. He walked in the roadway, as he was legally permitted to do given the winter weather conditions making the shoulder icy and dangerous. He walked on the left side of the road, toward oncoming traffic, as required by law.

3.6 Officers Wang and McKenney stopped Plaintiff, without any probable cause for any legal violation. The officers immediately demanded that Plaintiff tell them his name and birthdate. Given that he had committed no legal violation or infraction, Plaintiff again exercised his lawful right to decline this request and did not provide his name or birthdate. Officer McKenney then told Plaintiff, inaccurately, that he was required by law to obey his command as a law enforcement officer and provide this information. Plaintiff, knowing that this was untrue in that situation, again respectfully declined.

3.7 In retaliation for Plaintiff's lawful exercise of his constitutional rights, Officer Wang and Officer McKenney arrested, handcuffed, and detained Plaintiff. The officers issued Plaintiff a "non-traffic" infraction for violating RCW

FIRST AMENDED COMPLAINT • Page 5

46.61.250(1), which makes it unlawful for a pedestrian to walk upon a roadway "where sidewalks are provided." This infraction was plainly fabricated and without factual or legal basis, as there were no sidewalks provided. The statute allows pedestrians to walk on the left side of the roadway, as Plaintiff was doing.

3.8    The officers also issued Plaintiff a criminal citation for refusing to provide his identity, under RCW 46.61.021(3). This citation also lacked probable cause or a legal basis, as it requires that the law enforcement officer make the request pursuant to the investigation of a traffic infraction. In this instance, it was plain that no infraction had occurred because there were no sidewalks, and the infraction that was issued was marked "non-traffic" on its face.

3.9    As before, all charges against Plaintiff were dismissed.

## IV. CAUSES OF ACTION

**A. Violation of Plaintiff's Constitutional Rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.**

4.1    Plaintiff incorporates herein the allegations contained in the preceding paragraphs as if fully restated herein.

4.2    The actions of the employees of the Spokane County Sheriff violated Mr. Getnet's constitutional rights under the Fourth and Fourteenth Amendments to

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone: (509) 232-7760

the US Constitution, and 42 U.S.C. § 1983, to be free from unreasonable searches and seizures.

4.3 The actions of the employees of the Spokane County Sheriff violated Mr. Getnet's constitutional rights under the Fifth and Fourteenth Amendments to the US Constitution, and 42 U.S.C. § 1983, to remain silent, and to not be deprived of liberty without due process of law.

4.4 The actions of the employees of the Spokane County Sheriff violated Mr. Getnet's constitutional rights under the First and Fourteenth Amendments to the US Constitution, and 42 U.S.C. § 1983, to be free from retaliation for exercising his Constitutional rights and refusing to speak.

4.5 Based on the unusual and frequent targeting of Plaintiff for police stops and seizures disproportionate to the average frequency of stops and seizures of white residents of Spokane County, the actions of the employees of the Spokane County Sheriff constitute racial discrimination and harassment and violated Plaintiff's constitutional right under the Fourteenth Amendment to the US Constitution and 42 U.S.C. § 1983 to equal protection and application of the law.

4.6 As a direct and proximate result of Defendants' conduct, Plaintiff sustained injuries and damages, to include but not limited to the loss of liberty and enjoyment of life, traumatic stress, anxiety, mental anguish, mental injury and suffering, and other non-economic damages in an amount to be proven at

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone: (509) 232-7760

trial. Plaintiff also suffered the loss of out-of-pocket expenses and other economic losses in an amount to be proven at trial.

4.7  As a further direct and proximate result of the occurrences alleged herein, Defendants', and each of them, actions in depriving Plaintiff of his federal civil rights set forth above were done intentionally, maliciously, wantonly, oppressively, and/or with reckless indifference, subjecting the Defendants to liability for punitive damages in an amount to be proven at trial.

**B. Infliction of Emotional Distress**

4.8  Plaintiff incorporates herein the allegations contained in the preceding paragraphs as if fully restated herein.

4.9  Defendants, and each of them, engaged in conduct which constitutes negligent infliction of emotional distress or, alternatively, intentional infliction of emotional distress (outrage).

4.10  As a direct and proximate result of Defendants' conduct, Plaintiff sustained injuries and damages, discussed more fully hereinafter.

**C. Assault and Battery**

4.11  Plaintiff incorporates herein the allegations contained in the preceding paragraphs as if fully restated herein.

4.12  Defendants threatened to and did use unlawful force against Plaintiff.

FIRST AMENDED COMPLAINT • Page 8

**PAUKERT & TROPPMANN, PLLC**
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone: (509) 232-7760

4.13   The acts of Defendants were made with intent to cause harmful or offensive contact or an apprehension by Plaintiff of such contact.

4.14   Defendants' conduct toward Plaintiff constitutes assault and battery.

4.15   As a direct and proximate result of Defendants' conduct, Plaintiff sustained injuries and damages, discussed more fully hereinafter.

**D. Unlawful Imprisonment**

4.18    Plaintiff incorporates herein the allegations contained in the preceding paragraphs as if fully restated herein.

4.19   The conduct of the Defendants, and each of them, resulted in the intentional confinement of Plaintiff's person, which was unjustified under the circumstances and unlawful.

4.20   Defendants' conduct toward Plaintiff constitutes unlawful imprisonment.

4.21   As a direct and proximate result of Defendants' conduct, Plaintiff sustained injuries and damages, discussed more fully hereinafter.

**E.  False Arrest**

4.22   Plaintiff incorporates herein the allegations contained in the preceding paragraphs as if fully restated herein.

4.23   Defendants' conduct resulted in the unlawful arrest of Plaintiff and constitutes false arrest.

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone:  (509) 232-7760

4.24 As a direct and proximate result of Defendants' conduct, Plaintiff sustained injuries and damages, discussed more fully hereinafter.

### F. Negligence/ Tortious Conduct

4.25 Plaintiff incorporates herein the allegations contained in the preceding paragraphs as if fully restated herein.

4.26 At all times material hereto, Plaintiff was owed duties of care by Defendants, and each of them, including, but not by way of limitation, those duties including one or more of the following:

    a. The duty to be free from a negligent, unwarranted and/or unlawful violation of his right of personal liberty;

    b. The duty to have probable cause to effectuate an arrest and detention of an individual;

    c. The duty to be free from restraint, detention and force without legal authority;

    d. The duty to be free from unwarranted/unlawful imprisonment;

    e. The duty to exercise and practice law enforcement work in a non-negligent/tortious manner; and/or,

    f. The duty of Spokane County officers, agents and employees to act and exercise the degree of care as others would act and exercise in the same or similar circumstances.

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone: (509) 232-7760

4.27 Defendants' conduct and breach of duties constitutes gross negligence and negligence and/or otherwise tortious conduct under the laws of the State of Washington.

4.28 As a direct and proximate result of Defendants' conduct, Plaintiff sustained injuries and damages, discussed more fully hereinafter.

## V. INJURIES RECEIVED

5.1 As a direct and proximate result of the facts as alleged herein, Plaintiff has suffered and will in the future continue to suffer the loss of enjoyment of life, traumatic stress, anxiety, mental anguish, mental injury and suffering, and other non-economic damages. Plaintiff incurred and may continue to incur medical/psychological/counseling expenses and other out-of-pocket expenses and economic loss associated with these injuries.

5.2 As a further direct and proximate result of the facts as alleged herein, Plaintiff is entitled to damages in an amount to be proven at the time of trial.

## VI. PRAYER FOR RELIEF

Plaintiff, Mickias Getnet, requests judgment against Defendants, and each of them, jointly and severally as follows:

A. General damages in the amount to be determined at trial.

B. Special damages in an amount to be determined at trial.

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone: (509) 232-7760

C. Punitive and exemplary damages in an amount deemed just and reasonable as provided by law.

D. Plaintiff's reasonable attorney's fees and costs, pursuant to 42 U.S.C. §1988, or as otherwise provided by law.

E. For such other and further relief as the court deems just and equitable.

DATED this 19th day of March, 2019.

PAUKERT & TROPPMANN, PLLC

*/s/ Andrew Biviano*
ANDREW S. BIVIANO, WSBA #38086
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
(509) 232-7760
Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of March, 2019, I electronically filed and served a copy of this document using the CM/ECF filing system which will send notification of such filing to the following:

Andrew S. Biviano  abiviano@pt-law.com;
         hhoffman@pt-law.com

Paul L. Kirkpatrick  pkirkpatrick@ks-lawyers.com;
         jhartsell@ks-lawyers.com;
         lplue@ks-lawyers.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

        */s/ Andrew S. Biviano*
        Andrew S. Biviano